

**SO ORDERED.**

**SIGNED this 26 day of May, 2005.**

_____
JANICE MILLER KARLIN
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE:

CHERYL DIANNE MYERS,             Case No. 04-41322
                                                Chapter 11
        Debtor.

**MEMORANDUM ORDER AND OPINION DENYING
DEBTOR'S MOTION TO RECONSIDER**

This matter is before the Court on Debtor's "Motion to Reconsider Denial of Document Turn-Over by Creditor Michael B. Myers and for Redetermination of this Court's Admonishing Debtor Regarding her Claims of Michael Myers' Lack of Veracity Before this Court."[1]

On May 2, 2005, after having thoroughly reviewed the pleadings provided by the parties, the Court heard oral argument concerning two matters: 1) Debtor's Motion Identifying Marital Personal Financial and Tax Records of Cheryl D. Myers Attorney at Law and the Law firm of Myers &

_____

[1] Doc. 157.

Myers and for Turnover by Michael B. Myers,[2] and 2) Debtor's Statement in Compliance with the Court's Order Regarding Further Documents Debtor Requires from Michael Myers in Order to Propose Debtor's Plan and Disclosure."[3] In addition, on April 28, 2005, after hearing evidence on another matter, the Court orally announced its decision denying several other motions, including Debtor's Motion to Strike all Pleadings Filed by Creditor Michael B. Myers for Creditor's Incompetence and Incapability of Understanding his Duty to Tell the Truth; or in the alternative, Motion for an Order Compelling Creditor Michael B. Myers to Provide Evidentiary Support for All Allegations in all Pleadings he Makes in this Proceeding to Demonstrate that he Does Not Commit Perjury Thereby,"[4] The Court denied each of these motions in their entirety, reading its findings of fact and conclusions of law into the record, which were later incorporated into a written order.[5] The Debtor is now seeking reconsideration of the denial of those motions.

**I.     STANDARD OF REVIEW FOR A MOTION FOR RECONSIDERATION**

Rule 9023 of the Federal Rules of Bankruptcy Procedure incorporates Rule 59 of the Federal Rules of Civil Procedure, and allows for alteration or amendment of judgments on the grounds for relief set forth in Rule 60(b) of the Federal Rules of Civil Procedure, as incorporated in Bankruptcy Rule 9024.[6] Grounds for relief include mistake, inadvertence, surprise, excusable neglect, fraud or

---

[2] Doc. 112.

[3] Doc. 143.

[4] Doc. 129.

[5] Doc. 150.

[6] *See In re Colley,* 814 F.2d 1008, 1010 (5th Cir. 1987).

newly discovered evidence. A motion to reconsider that is filed within ten days of the entry of judgment is treated as a motion to alter or amend.[7]

The legal standard for granting a motion for reconsideration is narrow. "A motion for reconsideration should be granted only to correct manifest errors of law or to present newly discovered evidence."[8] "Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally."[9]

## II. ANALYSIS

As noted by the Court on May 2, 2005, the Debtors' motion for turnover of documents sought in excess of 150 different categories of documents, many of which had no apparent relationship to Debtor's promulgation of a Plan and Disclosure Statement, which was the stated premise for the document production. Examples are too numerous to detail, but the Court gave as one example the request that Michael Myers provide to Cheryl Myers every document that in any way mentions any property that Cheryl has ever owned—apparently for as long as she has ever lived, since there was no limiting language in the request. Another requested every credit card receipt for any purchase made by Michael Myers for the last 8 years, which obviously could include everything from receipts for groceries consumed last week to receipts for oil changes 8 years ago. Another request was for receipts for every document concerning any purchase he has made for 8 years, which, as the Court noted, would cover every pair of socks, or bottle of shampoo he had

---

[7]*In re American Freight System, Inc.*, 168 B.R. 245, 246 (D. Kan. 1994).

[8]*Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, n. 5 (10th Cir. 2000) (internal quotations omitted).

[9]*Zhou v. Pittsburg State Univ.*, 252 F. Supp. 2d 1194, 1199 (D. Kan. 2003) (citing *Van Skiver v. U.S.*, 952 F.2d 1241, 1243 (10th Cir. 1991).

purchased. The Court noted that the breadth of the document request was simply harassing in nature, and the Court declined to spend time going one by one through over 150 categories of documents when it was clear that numerous categories of documents were meant to serve a purpose other than to assist in formulating a plan or disclosure statement.[10]

It was abundantly clear to the Court then, just as it is now, that the purpose of the motion for turnover of documents was to harass Michael Myers rather than a bona fide attempt to obtain documents that are actually necessary for the prosecution of this Chapter 11 case. In her motion for reconsideration, the Debtor does little more than rehash arguments and issues already considered by the Court when it initially denied the motion for turnover. The Debtor has not presented any new arguments, authority or evidence to cause this Court to reach a different decision on the motion for turnover now, and thus Debtor fails to meet her burden to show that this Court has made a manifest error of law, or that newly discovered evidence exists.

Next, Debtor requests this Court reconsider its admonition given when it denied Debtors' Motion to Strike all Pleadings Filed by Creditor Michael B. Myers for Creditor's Incompetence and Incapability of Understanding his Duty to Tell the Truth; or in the alternative, Motion for an Order Compelling Creditor Michael B. Myers to Provide Evidentiary Support for All Allegations in all Pleadings he Makes in this Proceeding to Demonstrate that he Does Not Commit Perjury Thereby. This motion requested the Court strike all prior pleadings filed by Michael Myers (apparently even motions already granted), and place a prior restraint on any future pleadings he might file in this

---

[10]The Court essentially stated that although some of the requested documents might, in a vacuum, be relevant to Debtor's Chapter 11 case, because her credibility was so damaged by coupling potentially legitimate areas of inquiry with patently burdensome, overbroad, and irrelevant areas of inquiry, the Court was unable to attribute good faith to her request for documents, and declined to consider them, as a group, further.

Court. In support, Debtor essentially stated that Mr. Myers, who is a member of the bar of this Court, and her former husband, had included nothing but false statements in pleadings he has submitted to the Court.

The Court's decision on this motion set forth examples of "statements" Myers had included in his prior pleadings which were verifiable (e.g., that there was a pending divorce trial in Shawnee County, Kansas). The Court then admonished Debtor that she should be exceedingly careful before filing pleadings of this nature in the future. As with the turnover motion, the Court finds that the Debtor's motion for reconsideration as to the Court's admonishing Debtor regarding her accusations of Michael Myers' lack of veracity to be without merit.

Debtor's original motion, if granted, would, in essence, have placed a prior restraint on any and all documents filed by Mr. Myers with this Court --- requiring him to provide evidentiary support for every allegation contained in any future pleadings. The Court found, and continues to find, no basis for such an extraordinary burden to be placed on Mr. Myers. If the Debtor has a good faith belief that Mr. Myers is making any misrepresentation to the Court in an attempt to intentionally mislead the Court, then the Debtor, as an officer of the Court, can, and in fact must, bring that information before the Court. However, the Court will not look favorably upon attempts by the Debtor to continue to harass Mr. Myers[11] by making vague or unsubstantiated claims

---

[11]Although Ms. Myers does not seem to accept it as true, these parties are now divorced, and it seems the time has now passed for such continuing acrimony. Ms. Myers' obsession with filing pleadings that seem to have as their main purpose the harassment of her former husband is detracting from her ability to file a Disclosure Statement and Plan, which documents were ordered to be filed no later than May 11, 2005. Although Debtor has filed a motion to extend the deadline for filing those documents, claiming she is unable to file them because of toxic conditions in her home (Doc. 156), it is interesting that she still finds the time and place to file motions such as this, and has good enough health to create these pleadings, but not the Disclosure Statement and Plan.

concerning his lack of veracity, or to continue to make claims concerning alleged misstatements by Mr. Myers that have already been adjudicated in this, or any other, court of law.[12]

For the above mentioned reasons, the Court finds that Debtor's motion to reconsider the Court order regarding turnover, and to reconsider its admonition about the content of future pleadings that may have as their main purpose the continuing harassment of her former husband, are without merit and are denied in their entirety.

**IT IS SO ORDERED**.

###

---

[12] As the Court noted in its bench ruling on April 28, 2005, if Judge Lyles, the final trial judge in the divorce case, had thought the requested records—apparently the same records Debtor continues to ask for in the bankruptcy court—should be disclosed, in determining the parties' respective assets and liabilities, he would have ordered them disclosed. That he implicitly found that turnover was not required for him to be able to determine the assets and liabilities of the parties---by issuing a final decision concerning the division of the parties' property, buttresses this Court's decision to not reconsider its order herein.